IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Lisa Romain, Stacey Gibson, Joanika Davis, Schevella Robertson, Jericho Macklin, Dameion Willams, Brian Trinchard, on Behalf of Themselves and All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>   v.<br><br>SUZY SONNIER, in her official capacity as Secretary of Louisiana Department of Children and Family Services,<br><br>                Defendant. | Civil Action No. 2:15-cv-06942-KDE-SS<br><br>**CLASS ACTION** |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

William P. Quigley #07669
Loyola University New Orleans
College of Law
7214 St. Charles Avenue
New Orleans, LA 70118
 Cell 504.710.3074
quigley77@gmail.com

Jennifer J. Rosenbaum
jjrosenbaum@nowcrj.org
*Admitted to Practice in the Eastern District of Louisiana*
La. Bar No. 31946
Sima Atri
Alaska Bar # 1512121
satri@nowcrj.org
NEW ORLEANS WORKERS' CENTER FOR RACIAL JUSTICE
217 N. Prieur St.
New Orleans, LA 70112
Telephone: (504) 309-5165
Facsimile: (504) 309-5205

NATIONAL CENTER FOR
LAW & ECONOMIC JUSTICE, INC.
Marc Cohan*
Mary R. Mannix*
Greg Bass*
Francisca D. Fajana*
275 Seventh Avenue, Suite 1506
New York, NY 10001
Tel: (212) 633-6967


Counsel for Plaintiffs and
Proposed Class Counsel


By:     ***William P. Quigley***
        William P. Quigley

## **TABLE OF CONTENTS**

BACKGROUND ...........................................................................................................................1

II.     PLAINTIFFS ARE ENTITLED TO AN AWARD OF FEES
        AND COSTS ...................................................................................................................4

III.    CALCULATION OF FEES.............................................................................................5

        A.     The Number of Hours Requested is
              Reasonable ..........................................................................................................7

        B.     The Requested Hourly Rates Are Reasonable ...........................................................8

            Application of the Johnson Factors.................................................................................11

              1.     Results Obtained ................................................................................11

              2.     Novelty and difficulty of issues ..................................................................11

              3.     Skill required to perform legal
                    services...........................................................................................12

              4.     Time and labor required............................................................13

              5.     Undesirability of the Case............................................................13

IV.    CONCLUSION................................................................................................14

## TABLE OF AUTHORITIES

**CASES**

*Cavaretta v. Entergy Corp. Companies Benefits Long Term Disability Plan*, ............................ 10
    03cv1830, 2005 U.S. Dist. LEXIS 8028 at *5, (E.D. La. April 29, 2005)

*Farrar v. Hobby*, ................................................................................................................ 5
    506 U.S. 103 (1992)

*Hensley v. Eckerhart*, ................................................................................................ *passim*
    461 U.S. 424 (1983)

*Hernandez v. U.S. Customs and Border Protection Agency*, .............................. 6, 10, 11
    10cv04602, 2012 U.S. Dist. LEXIS 14290 at *49 (E.D. La., Feb. 6, 2012)

*Hornbeck Offshore Services, L.L.C. v. Salazar,* ......................................... 6, 7, 8, 9, 10
    10cv1663, 2011 U.S. Dist. LEXIS 59846 *14-17 (E.D. La., June 1, 2011)

*Johnson v. Georgia Highway Express, Inc.*, ................................................ 6, 11, 12, 13
    488 F.3d 714 (5th Cir. 1974)

*Louisiana Power & Light Co. v. Kellstrom*, ........................................................... 6, 8
    50 F.3d 319 (5th Cir. 1995)

*Salazar v. Maimon*,  ........................................................................................................ 5
    750 F.3d 514 (5th Cir. 2014)

*Shipes v. Trinity*, ..................................................................................... 6, 7, 8, 12
    987 F.2d 311 (5th Cir. 1993)

*Walker v. City of Mesquite, TX*,  ............................................................................ 5
    313 F.3d 246 (5th Cir. 2002)

*Watkins v. Fordice*, ................................................................................................ 6, 7
    7 F.3d 453 (5th Cir. 1993)

**FEDERAL STATUTES**

42 U.S.C. § 1983 ................................................................................................................ 4

42 U.S.C. § 1988 ........................................................................................................... 1, 4

Federal Rule of Civil Procedure 54(d) ......................................................................... 1, 4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Lisa Romain, Stacey Gibson, Joanika Davis, Schevella Robertson, Jericho Macklin, Dameion Willams, Brian Trinchard, on Behalf of Themselves and All Others Similarly Situated,<br><br>               Plaintiffs,<br><br>    v.<br><br>SUZY SONNIER, in her official capacity as Secretary of Louisiana Department of Children and Family Services,<br><br>               Defendant. | Civil Action No. 2:15-cv-06942-KDE-SS<br><br>**CLASS ACTION** |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS**

Plaintiffs Lisa Romain, *et al*., through undersigned counsel, hereby move the Court for an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(d).

**I.     BACKGROUND**

On December 18, 2015, Plaintiffs commenced this action, Compl., ECF No. 1, on behalf of themselves and all others similarly situated, to challenge Defendant's unlawful policies and practices of terminating individuals' Supplemental Nutrition Assistance Program ("SNAP"), commonly known as food stamps, without the notice and procedures mandated by the Food Stamp Act and implementing regulations and the Due Process Clause and to assure Defendant's fair and lawful application of the SNAP time limit. Plaintiffs seek declaratory and permanent injunctive relief to enjoin Defendant, in her official capacity as Department Secretary, from terminating SNAP benefits without complying with Due Process and federal law. Further,

1

plaintiffs seek a temporary restraining order and preliminary injunction to stay Defendant from terminating SNAP for any ABAWD household based on the application of the three month limit until such time as she could demonstrate to this Court that her agency can operate the ABAWD program in conformity with the Food Stamp Act, implementing regulations, and the Due Process Clause of the United States Constitution.

The named Plaintiffs and the class they seek to represent are indigent adult recipients of SNAP who were threatened with termination of their SNAP benefits, effective January 1, 2016, by Defendant's agency, the Louisiana Department of Children and Family Social Services. These terminations resulted from the Defendant's flawed and hasty implementation of a complex federal law limiting SNAP benefits to three (3) months in a thirty-six (36) month period for adults who are determined to be "Able-Bodied Adults without Dependents" ("ABAWD"), unless the adult meets defined work requirements.

For eighteen years, Defendant and her predecessors consistently sought and obtained a waiver of the ABAWD requirements from the United States Department of Agriculture. The waiver was based on the state's high unemployment. Early in 2015, Defendant chose, for the first time, notwithstanding a continuing high unemployment rate, to not renew the waiver. As a consequence, the waiver expired on September 30, 2015 and ABAWDs throughout the state became subject to the work requirements for the first time in 18 years.

However, as detailed in the Complaint and other filings, Plaintiffs alleged that Defendant failed to ensure that her agency was equipped to handle the more than 62,000 SNAP recipients who would, all on October 1, 2015, become subject to the ABAWD requirements. As a consequence, Plaintiffs' asserted that Defendant's threatened terminations of SNAP results from her agency's unlawful pattern and practices of failing to assure that only those properly subject

to the time-limit are terminated by: a) failing to provide adequate notice of the termination of SNAP, effective January 1, 2016 to plaintiffs and those similarly situated; b) failing to provide adequate notice to plaintiffs and those similarly situated of the applicable requirements and exemptions and the processes by which individuals can claim exemptions from the ABAWD work requirements and/or show they are meeting such work requirements; and c) failing to fairly investigate, assess, and determine whether individuals are properly subject to the ABAWD time limit.

On or about December 21, 2015, Plaintiffs informed this Court that the Governor-elect, John Bel Edwards, had written to the United States Department of Agriculture to say, inter alia, "It is my intention, once in office, to extend the ABAWD waiver statewide for Fiscal Year 2016." Plaintiffs further advised the Court that the parties were in negotiations to attempt to settlement the matter in light of the Governor-Elect's decision to seek to reinstate the ABAWD waiver.

Accordingly, on December 22, this Court issued an Order, ECF No. 10, which provides "that 'Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction' (Rec. Doc. 3) is DENIED WITHOUT PREJUDICE."

On January 8, 2016, the parties submitted a Stipulation and Order of Settlement, ECF No. 11, ("Order of Settlement"), which was ordered by this Court on January 19, 2016. Stipulation and Order of Settlement, ECF No. 12. The Order of Settlement provides in relevant parts:

1. In the event that the United States Department of Agriculture grants an ABAWD waiver in time for Defendant to ensure that SNAP benefits to which plaintiffs and the members of the putative class are entitled for the month of January 2016 are issued in January 2016, Defendant shall:

    a. Take all steps necessary to ensure that SNAP benefits due for January 2016, are issued no later than January 22, 2016 in accordance with federal law and regulations;

      b. Take all steps necessary to ensure that the three-month ABAWD limitation period does not commence for the case of each named plaintiff and member of the putative class in accordance with federal law and regulations; and

      c. Issue notice to named plaintiffs and members of the putative class advising them of the actions that will be taken in conformity with the granting of the waiver and this Stipulation and Order of Settlement.

2. In the event that the United States Department of Agriculture grants an ABAWD waiver in time for Defendant to ensure that SNAP benefits to which plaintiffs and the members of the putative class are entitled for the month of January 2016 are issued in January 2016 and Defendant takes all actions required by paragraph 1 of this Stipulation and Order of Settlement, the Complaint herein shall be deemed dismissed with prejudice.

Having secured by the Order of Settlement the relief Plaintiffs seek in this action, namely, an Order that would hold Plaintiffs and the members of the plaintiff class harmless and that would require Defendant to fully reinstate the SNAP benefits of Plaintiffs and the putative class, Plaintiffs, as prevailing parties, hereby move this Court for an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(d) in the amount of $136,253.25 in attorneys' fees and $1,888.57 in costs.

## II.  PLAINTIFFS ARE ENTITLED TO AN AWARD OF FEES AND COSTS.

Under 42 U.S.C. § 1988, a prevailing party in a civil rights case is entitled to an award of reasonable attorney's fees for litigating claims arising under 42 U.S.C. § 1983.  "Plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefits the parties sought in bringing the suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "A plaintiff prevails if the relief obtained, through judgment or settlement, materially alters defendants' behavior in a way directly benefitting the plaintiff," and "the lawsuit must be a 'substantial factor' or a significant catalyst in motivating the defendants to end their unconstitutional behavior."

4

It is beyond question that, having obtained an Order of Settlement that grants Plaintiffs the entirety of the relief they seek in the Complaint, Plaintiffs are prevailing parties in this action. *See Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (holding that "…to qualify as a prevailing party, a civil rights plaintiff must…obtain an enforceable judgement…or comparable relief thorugh a consent decree or settlement) (internal citations omitted). Here, the court order accepting the parties' agreement was a judicial act that modified Defendant's behavior to confer a direct benefit upon Plaintiffs and the putative class. Under 5th Circuit precedent, nothing more is needed to confer prevailing party status on Plaintiffs. *Salazar v. Maimon*, 750 F.3d 514, 520-22 (5th Cir. 2014); *Walker v. City of Mesquite, TX*, 313 F.3d 246, 249 (5th Cir. 2002).

The Settlement Order materially altered defendant's behavior by exposing her to contempt and other enforcement if she does not undertake certain specified remedial steps within very strict time frames upon being notified by the United States Department of Agriculture that the waiver she sought has been approved.  See Stipulation and Order of Settlement, Jan. 19, 2016, ECF No. 12. The fact that Defendant's performance obligation is contingent on a third party taking a specified action is irrelevant. Once the condition precedent is satisfied, Defendant's obligations to Plaintiffs under the Settlement Order are very specific and enforceable. Should Defendant refuses to comply, Plaintiffs are entitled to seek full enforcement. Thus, the Settlement Order materially alters the relationship between in the parties in the Plaintiffs' favor.

### III.   CALCULATION OF FEES

The two step procedure by which awards of attorneys' fees and costs are assessed is well established in this Circuit. The number of hours reasonably expended in litigation is multiplied by a reasonable hourly rate for attorneys of comparable experience in the community to arrive at

the "lodestar" figure. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323-24 (5th Cir. 1995) (*citing Hensley*, 461 U.S. at 433-34); *Watkins*, 7 F.3d at 457 (*citing Hensley*, 461 U.S. at 433-34); *Shipes v. Trinity Indus.*, 987 F.2d 311, 319-320 (5th Cir. 1993); *Hornbeck Offshore Services, L.L.C. v. Salazar*, No. 10cv1663, 2011 U.S. Dist. LEXIS 59846 *14-17 (E.D. La., June 1, 2011) *adopted and app'd* at 2011 U.S. Dist. LEXIS 59798 (E.D. La. June 6, 2011). The lodestar amount is presumptively reasonable and should be modified only in exceptional cases. *Louisiana Power & Light Co.*, 50 F.3d at 324 (reviewing the district court lodestar determination for "clear error"); *Watkins*, 7 F.3d at 457; *Hernandez v. U.S. Customs and Border Protection Agency*, No. 10cv04602, 2012 U.S. Dist. LEXIS 14290 at *49 (E.D. La., Feb. 6, 2012); *Hornbeck Offshore Services, L.L.C.*, 2011 U.S. Dist. LEXIS 59846 at *17.

The factors to be considered when determining a reasonable award of attorneys' fees and costs were further enumerated by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, and adopted by the U.S. Supreme Court in *Hensley*. 461 U.S. at 429. The factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount of money involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.3d 714, 717-19 (5th Cir. 1974). Upon consideration of these twelve factors, the lodestar amount may be adjusted upward or downward or otherwise not adjusted to the extent

that the factor was not already subsumed in the lodestar calculation. *Shipes*, 987 F.2d at 320; *Watkins*, 7 F.3d at 457; *Hornbeck Offshore Services*, 2011 U.S. Dist. LEXIS 59846 at *15-16.

Plaintiffs hereby seek an award of attorneys' fees in the amount of $136,253.25, which reflects the hours reasonably expended by attorneys William Quigley, Sima Atri, Marc Cohan, Mary R. Mannix, Francisca Fajana, Greg Bass, and Leah Lotto in this matter, including the preparation of the instant motion, multiplied by rates reasonable and customary for attorneys of their experience and expertise in New Orleans.

**A.  The Number Of Hours Requested Is Reasonable.**

Billing records for each of the NCLEJ attorneys are appended to the Cohan declarations at Exhibits B-F. In calculating these hours, counsel guarded against unnecessary labor and duplication of effort - indeed, given the uphill battle they faced in advancing difficult legal theories in a case for which the likelihood of success and, therefore fee recovery, was far from certain, there was no incentive to expend hours on work that was redundant or not reasonably necessary to advance the litigation.

While in some instances, where reasonable and necessary, attorneys billed for simultaneous activities such as conference calls and strategy meetings, where appropriate, tasks were divided among counsel in the interests of efficiency. Moreover, this action preceded on an extremely accelerated track. This class action proceeded from contact by the first plaintiff to the submission of the Order of Settlement to this Court in slightly more than one month. Yet, in that period, plaintiffs' counsel drafted a class action complaint on behalf of seven named plaintiffs and a putative class and moved for both class certification and for injunctive relief supported by witness statements and multiple written exhibits. None of this would have been possible of

Plaintiffs' counsel were anything else other than streamlined and efficient. There simply was not time for unnecessary duplication of effort.

Notwithstanding these economies of effort, the attached billing records reflects a further 10% across the board deduction to account for any hours expended that were duplicative of the work of other attorneys. *See Hensley*, 461 U.S. at 434 (attorneys should "make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary…"); *Hornbeck Offshore Services L.L.C.*, 2011 U.S. Dist. LEXIS 59846 at *46 ("All time that is excessive, duplicative or inadequately documented should be excluded."). A 10% across-the-board reduction to Plaintiffs' lodestar falls well within the range that courts accept to account for duplicative attorney work. *See Hornbeck Offshore Services*, 2011 U.S. Dist. LEXIS 59846 at *47.

Accordingly, the total number of hours for which plaintiffs now seek an award of attorneys' fees in this matter is reasonable.

### B.   The Requested Hourly Rates Are Reasonable.

A reasonable hourly rate is established based on prevailing community standards for attorneys of similar experience in similar cases in the community where the litigation is brought. *Shipes*, 987 F.2d at 319. Courts will award the rate customarily charged by an attorney provided it is within the market rate charged by attorneys of comparable skill and expertise in the community. *Louisiana Power and Light Co*, 50 F.3d at 328; *see also*, *Hornbeck Offshore Services, L.L.C.*, 2011 U.S. Dist. LEXIS 59846 at *24 ("An attorney's requested hourly rate is *prima facie* reasonable when the attorney requests that the lodestar be computed at his or her customary billing rate, the rate is within the range of the prevailing market rates, and the rate is not contested.").

8

Applying these standards to the case at bar, the fee award requested by Plaintiffs is both reasonable and customary. Plaintiffs seek compensation for the work of attorneys William P. Quigley, Marc Cohan, Mary R. Mannix, and Greg Bass at the rate of $450 an hour. This rate is appropriate for very experienced attorneys in New Orleans. *See Hornbeck Offshore Services*, *L.L.C.*, 2011 U.S. Dist. LEXIS 59846 at *28. Plaintiffs' counsel seeking this rate fit the description of very experienced counsel. Mr. Quigley is a civil rights attorney of the highest caliber, and commands the utmost respect from members of the both the bar and bench in New Orleans and beyond. He has 35 years of experience practicing in various capacities in this jurisdiction, and has successfully litigated dozens of actions vindicating voting rights, housing rights, prisoners' rights, the right to access to justice and the courts, the right to education, economic rights, and rights guaranteed by the First Amendment, fully dedicating his practice to civil rights litigation throughout his long and storied career. *See* Quigley Dec., ¶¶ 2, 6-10. He served as General Counsel for the ACLU of Louisiana for 20 years, and taught many generations of New Orleans attorneys as a Professor of Law at Loyola University Law School for more than two decades. *Id.* ¶¶ 9.

Marc Cohan, Mary R. Mannix, and Greg Bass are all with the National Center for Law and Economic Justice and are lawyers each with more than 30 years of experience in federal Court class actions litigating complex public benefits matters. Copies of their resumes accompany the Cohan Declaration submitted in support of this motion.

Plaintiffs seek compensation for the work of Francisca Fajana at the rate of $350 an hour, which is consistent with fees charged by and awarded to attorneys with 10 or more years of litigation experience in civil rights and comparable matters in New Orleans. Ms. Fajana has more

9

than 20 years litigating complex civil rights cases, including matters involving public benefits. A copy of her resume accompanies the Cohan Declaration submitted in support of this motion.

Plaintiffs seek compensation for the work of Leah Lotto at the rate of $250 an hour. Ms. Lotto has fewer than 10 years of experience. A copy of Ms. Lotto's resume accompanies the Cohan Declaration submitted in support of this motion. Ms. Atri submits a separate declaration of support of her fee claims at the rate of $200 an hour.

The hourly rates seek here are fully consistent with the precedent in the Eastern District of Louisiana. A senior partner with 37 years of experience was awarded $425 an hour in *Hornbeck Offshore Services*, 2011 U.S. Dist. LEXIS 59846 at *28 (stating that the highest reasonable rate in this District is $450 an hour). In *Hernandez v. U.S. Customs and Border Protection Agency*, No. 10cv04602, 2012 U.S. Dist. LEXIS 14290 *45, *48 (E.D. La., Feb. 6, 2012) (Barbier, J.), the Court awarded $300 an hour to an attorney with 8 years of experience. Plaintiffs seek equivalent awards for attorneys with two additional years of experience. In *Cavaretta v. Entergy Corp. Companies Benefits Long Term Disability Plan*, the court awarded an attorney with five years' litigation experience an hourly rate of $225 in an ERISA matter. *Cavaretta v. Entergy Corp. Companies Benefits Long Term Disability Plan*, No. 03cv1830, 2005 U.S. Dist. LEXIS 8028 at *5, (E.D. La. April 29, 2005) (Duval, J.). Notwithstanding the 8 years which have elapsed since *Cavaretta* was litigated, Plaintiffs seek an hourly rate only $25 higher than this for an attorney with an equivalent level of experience.

Accordingly, the hourly rates at which Plaintiffs' attorney seek to be compensated are within the reasonable market rates charged by attorneys with comparable experience in the community where the action was litigated.

10

C. **Application of the Johnson Factors.**

Although several of the *Johnson* factors are subsumed within the lodestar calculus, all are to be considered by the District Court when setting the amount of an award of attorneys' fees. The U.S. Supreme Court has held that "the most critical factor is the degree of success obtained." *Hensley*, 461 U.S. at 436. Additionally, when applying the *Johnson* factors, courts should give special consideration to the time and labor involved, the customary fee, and the experience, reputation, and ability of counsel. *Hornbeck Offshore Services, L.L.C.*, 2011 U.S. Dist. LEXIS 59846 at *16. Plaintiffs do not seek an upward adjustment based on the *Johnson* factors, but rather submit that consideration of the relevant factors discussed in greater detail below confirms the reasonableness of the lodestar amount. *See Hernandez*, 2012 U.S. Dist. LEXIS 14290 at *49-53 (E.D. La., Feb. 6, 2012).

1. *Results Obtained*

The U.S. Supreme Court emphasizes in *Hensley* that "the most critical factor" in assessing a fee award is "the degree of success obtained." *Hensley*, 461 U.S. at 436, 440. Where plaintiffs obtain relief of "significant import," affecting not only their rights, but also those of "numerous other [persons] similarly situated," the "extent of this relief clearly justifies the award of a reasonable attorney's fee." 461 U.S. at 438. If a decision "corrects across-the board discrimination affecting a large class of [people], the attorney's fee award should reflect the relief granted." *Johnson*, 488 F.2d at 718.

Here, it is beyond dispute that Plaintiffs' counsel achieved excellent results in this action, obtaining a complete victory for Plaintiffs and all individuals subject to the loss of SNAP benefits. Specifically, this Court issued a Settlement Order that assured not only that the Plaintiffs and the putative class were entitled to receive SNAP, but that they would experience no

loss in benefits. The value of the relief obtained for Plaintiffs and others similarly situated affords complete and total vindication of their statutory and constitutional rights. *See Shipes*, 987 F.2d at 322 (noting that "[plaintiff]'s victory was complete on all issues"). In light of the outstanding results achieved on behalf of Plaintiffs and individuals similarly situated, the lodestar amount is both reasonable and warranted.

### 2. *Novelty and difficulty of issues*

This action presented issues of first impression. *See Johnson*, 488 F.2d 714 ("Cases of first impression generally require more time and effort on the attorney's part…[an attorney] should not be penalized for undertaking a case which may 'make new law.' Instead, he [or she] should be appropriately compensated for accepting the challenge."). The theory advanced by Plaintiffs with respect to the due process issues and the federal Food Stamp Act, was both novel and unique, and required extensive analysis of the U.S. Supreme Court's due process jurisprudence over time. No case exists squarely on all fours with the facts and theory advanced here by Plaintiffs. Indeed, this was the first action addressing ABAWD implementation claims in this Country.

Accordingly, the legal research, analysis, and consultation among Plaintiffs' counsel required to draft the Complaint and draft Plaintiffs' motion for a preliminary injunction was appropriately both extensive and substantial.

### 3. *Skill required to perform legal services*

In light of the novelty, complexity, and unique nature of the legal issues presented, a particular degree of expertise in constitutional law, as well as public benefits law, was necessary. The purpose of attorneys' fees provisions in civil rights statutes is "to enable litigants to obtain competent counsel worthy of a contest with the caliber of counsel available to their opposition..."

*Johnson*, 488 F.2d at 719. Plaintiffs' counsel brought no shortage of relevant litigation experience, creativity, intellectual firepower, and advocacy skills to bear in advancing Plaintiffs' unique claims, justifying a finding that the attorneys' fee award Plaintiffs seek is reasonable.

### 4. Time and labor required

"Although hours claimed or spent on a case should not be the sole basis for determining a fee, they are a necessary ingredient to be considered." *Johnson*, 488 F.2d at 717 (internal citations omitted). Plaintiffs' counsel expended a reasonable hours litigating complex substantive issues in this matter. In light of the urgency and complexity of legal and procedural issues at play, plaintiffs' counsel proceeded quite leanly and, because of the relatively brief course of litigation, committed work in a compressed window of time. Thus, the labor expended by Plaintiffs' attorneys argues in favor of the reasonableness of the award they seek.

### 5. Undesirability of the case

Here, low income single adults deprived of public benefits are not the type of plaintiffs for whom law firms are lining up to represent. Had the public interest counsel here not acted, the case would not have been filed. Accordingly, the Court may consider the undesirability of the case when setting the amount of amount of attorneys' fees awarded in this case. *Johnson*, 488 F.2d at 719.

In light of the above, consideration of the *Johnson* factors further supports a finding that the attorneys' fees Plaintiffs seek in this matter are reasonable in light of the hours and expertise necessary to achieve the degree of success obtained by Plaintiffs.

## IV. THE COSTS ARE FULLY RECOVERABLE.

Plaintiffs seek an award of costs in the amount of $1,888.57, reflecting only those expenditures reasonably necessary to undertake the litigation, including filing fees and costs of

necessary travel from New York to New Orleans to meet with potential clients and Plaintiffs, develop and file the case. The Declarations submitted by Plaintiffs' counsel attest under penalty of perjury that the costs for which Plaintiffs now see reimbursement were necessarily incurred in the case.

## IV. Conclusion

For the foregoing reasons, Plaintiffs hereby respectfully request that the Court award attorneys' fees and costs in this matter at $136,253.25 in fees and $1,888.57 in costs.

Dated: February 2, 2016
     New Orleans, Louisiana

Respectfully Submitted,

*William P. Quigley*
William P. Quigley #07669
Loyola University New Orleans
College of Law
7214 St. Charles Avenue
New Orleans, LA 70118
Cell 504.710.3074
quigley77@gmail.com

Jennifer J. Rosenbaum
jjrosenbaum@nowcrj.org
*Admitted to Practice in the Eastern District of Louisiana*
La. Bar No. 31946
Sima Atri
satri@nowcrj.org
NEW ORLEANS WORKERS' CENTER FOR RACIAL JUSTICE
217 N. Prieur St.
New Orleans, LA 70112
Telephone: (504) 309-5165
Facsimile: (504) 309-5205

NATIONAL CENTER FOR
LAW & ECONOMIC JUSTICE, INC.
Marc Cohan
Mary R. Mannix
Greg Bass

Francisca D. Fajana
275 Seventh Avenue, Suite 1506
New York, NY 10001
Tel: (212) 633-6967


Counsel for Plaintiffs and
Proposed Class Counsel