UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LISA ROMAIN, ET AL. | CIVIL ACTION |
| VERSUS | NO. 15-6942 |
| SUZY SONNIER, in her official capacity as Secretary of Louisiana Department of Children and Family Services | SECTION "N" |

## ORDER AND REASONS

Presently before the Court is the "Motion for Attorneys' Fees and Costs Pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(d)"(Rec. Doc. 13) filed by Plaintiffs. In support of their motion, Plaintiffs point to the "Stipulation and Order of Settlement," filed by the parties on January 8, 2016 (Rec. Doc.11), and signed and entered by the Court on January 19, 2016 (Rec. Doc. 12). Having carefully considered the parties' submissions (Rec. Docs. 13, , the record in this matter, and applicable law, **IT IS ORDERED** that Plaintiffs' motion is **DENIED.**

Although a party-negotiated settlement resulting in a consent judgment can, under certain circumstances, support a finding of "prevailing party" status and issuance of an attorney fee award, *see, e.g., Maher v. Gagne,* 448 U.S. 122, 129–130 (1980), the Court, on the limited showing made, does not find the facts and circumstances of the instant matter to warrant such a finding. Specifically, the Court notes that the instant action was filed by Plaintiffs on Friday, December 18, 2015, at 11:38 a.m. The next business day, Monday, December 21, 2015, the Court, upon consultation with counsel, at the request and with the consent of the parties, denied Plaintiffs' request

1

for a temporary restraining order without prejudice. See Rec. Doc. 10. Significantly, on that same date – December 21, 2015 – as reflected in the parties' "Stipulation and Order of Settlement":

> Governor-Elect John Bel Edwards advised the United States Department of Agriculture that, upon being sworn in, that:
>
>> It is my intention, . . to extend the ABAWD waiver statewide for Fiscal Year 2016. This extension is based on the FNS regulations which allow for a waiver if the unemployment rate is high enough to meet the criteria for extended benefits under the unemployment insurance program. Per Trigger Notice No. 2015-3 effective February 1, 2015, Louisiana is a qualifying state for this program.
>>
>> * * *
>>
>> I request that your department work with the Louisiana Department of Children and Family Services (DCFS) to ensure that there is no gap in benefits until the waiver can be formally extended after I take office. I am willing to work with your office and DCFS to ensure these benefits are not cut off on December 31st. I have further informed DCFS of my intentions and have requested that they cooperate with your department to ensure the benefits are continued.

See Rec. Docs. 11 and 12. Only three weeks later, on January 8, 2016, Plaintiffs submitted the aforementioned "Stipulation and Order of Settlement" to the Court, followed by the instant motion, which seeks an award of $136,253.25 in fees and $1,888.57 in costs.[1]

---

[1] Based on the fact that this suit was pending only 21 days, with no dispositive or injunctive relief pursued by Plaintiffs, and no immediate relief sought from or issued by the Court, along with the knowledge that a change of the State's policy with regard to the waiver was imminent (see footnote 2), the undersigned cannot fathom how an attorneys' fee of over $136,000 (of taxpayer money) could be justified as anything other than opportunistic behavior designed to enrich counsel.

In short, based on the foregoing, it is readily apparent to the Court that no relief provided to Plaintiffs, in December 2015 or January 2016, relative to the SNAP benefits at issue, is fairly attributable, to any extent, to the instant lawsuit and the efforts of Plaintiffs' counsel, rather than merely the voluntary action of the Defendant based on the announced policy of Louisiana's (then) Governor-Elect John Bel Edwards.[2]  Accordingly, the Court declines to exercise its discretion to award attorneys' fees and costs to Plaintiffs.

New Orleans, Louisiana, this 18th of July 2016.

                                      **KURT D. ENGELHARDT**
                                      **United States District Judge**

---

[2] Governor Edwards was elected on November 21, 2015.  His policy with regard to this waiver was known, or easily discernable, long before this suit was filed on December 18, 2015.