UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LISA ROMAIN, ET AL. | CIVIL MATTER |
| VERSUS | NO: 15-06942 |
| SUZY SONNIER, in her official capacity as Secretary of Louisiana Department of Children and Family Services | SECTION: "J"(1) |

## ORDER & REASONS

Before the Court is Plaintiff's *Motion for Attorney's Fees* **(Rec. Doc. 13)** on remand from the United States Fifth Circuit Court of Appeals and subsequently transferred to this Court, a memorandum in support filed by Plaintiffs (Rec. Doc. 36) and an opposition filed by Defendant (Rec. Doc. 37). Having consider the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED.**

## FACTS AND PROCEDURAL BACKGROUND

The Court assumes the reader's familiarity with this case and provides only a brief account of the relevant facts and procedural history. Plaintiffs are a "prevailing party" seeking reasonable attorneys' fees and costs under 42 U.S.C. § 1988 against Defendant, the Secretary of the Louisiana Department of Children and Family Services ("Department"). *Romain v. Walters*, 856 F. 3d 402, (5th. Cir. 2017). All Plaintiffs are Louisiana residents who are eligible for Supplemental Nutritional Assistance Program ("SNAP") benefits so long as Louisiana applies for a SNAP "work

1

requirement" waiver from the federal government. If, however, Louisiana fails to apply for the waiver then the Plaintiffs would lose their benefits. In September of 2015, the Department informed Plaintiffs that Louisiana, under the guidance of then Governor Bobby Jindal, would not be seeking a work requirement waiver for 2016.

On December 18, 2015 Plaintiffs sued in attempt to prevent Louisiana from terminating their SNAP benefits by failing to file the work requirement waiver. On December 21, 2015, Governor-Elect John Bel Edwards wrote a letter to the federal government stating his intention to reverse Governor Jindal's decision by applying for the work requirement waiver as soon as he took office on January 11, 2016. In his letter, he "requested the USDA to work with [Louisiana] 'to ensure that there is no gap in benefits until the waiver can be formally extended after I take office [on January 11, 2016],' and stated that 'I am willing to work with your office and [the Department] to ensure these benefits are not cut off on December 31st.'" *Id.*

Considering Governor-Elect Edwards' intentions, Plaintiffs entered into a Settlement Order with the Department that contained three specific orders affecting the relationship between the parties.[1] *Id.* If the waiver was granted and the Defendant complied with all three orders, then Plaintiffs' complaint would be dismissed with prejudice. Plaintiffs then filed their Motion for Reasonable Attorney's Fees and Costs, believing the Settlement Order was sufficient to make them the

---

[1] The three orders were as follows: "a) '[t]ake all steps necessary to ensure that SNAP benefits due for January 2016, are issued no later than January 22, 2016 in accordance with federal law and regulations'; (b) take steps to make sure the three-month work requirement limitation period did not commence for Plaintiffs and members of the class; and (c) issue notice to Plaintiffs and members of the class of the actions taken in conformity with the grant of the waiver and the Settlement Order." Romain, 856 F.3d 405.

prevailing party. The district judge then assigned to the case denied the motion, stating that Plaintiffs were not a prevailing party within the meaning of § 1988.

Subsequently, Plaintiffs appealed the decision and the Fifth Circuit overturned, holding that Plaintiffs were the prevailing party due to the Settlement Order. On remand the case was transferred to this Court for the first time.[2] The sole remaining issue before the Court on remand is whether there exists any "special circumstances" that would render awarding attorneys' fees to Plaintiffs under § 1988 unjust. *Id.* at 407.

## **DISCUSSION**

The instructions from the Fifth Circuit are even more narrowly tailored than a general requirement to assess the availability of "special circumstances." The only potential special circumstance present here is a case in which the plaintiffs received the desired benefits of their litigation, but the plaintiffs' attorneys did not contribute to achieving that result. *Id.* (citing *Grisham v. City of Fort Worth*, 837 F.3d 564, 569 (5th Cir. 2016). On appeal, the Fifth Circuit noted that Defendant must make an "extremely strong showing" of special circumstances to succeed, and the district courts discretion to deny attorneys' fees under § 1988 is "extremely narrow." *Id.* In the instance case, the Defendant "must present evidence, not supposition, showing that Plaintiffs' lawsuit did not contribute to either Governor Edwards's application for the waiver or Governor Edwards's work to ensure no individual lost their SNAP

---

[2] The case was initially before Honorable Judge Kurt Englehardt. Judge Englehardt was appointed to the United States Fifth Circuit Court of Appeals in May, 2018, necessitating a transfer of the case to this Court.

3

benefits due to the timing of the waiver application." *Id.* at 407-408. Finally, the court in *Romain* stated that this Court has discretion on remand to determine what sort of evidence will be permitted and considered in this "unusual situation of determining what motivated the specific action of a governor." *Id.* at 408.

Defendant attempts to prove Plaintiffs lawsuit did not contribute to Governor Edwards' actions in the following four ways:

1. Governor Edwards has continued to seek the "work requirement waiver every year since 2016. (Rec. Doc. 37);
2. Governor Edwards' general campaign platform spoke of a desire to assist Louisiana's poor and unemployed. *Id.*;
3. the timing of Governor Edwards' letter on December 21, 2015, only three days after Plaintiffs suit was filed, is proof that internal discussions to reimplement the work waiver were ongoing prior to the filing of the lawsuit. *Id.*; and
4. individuals in the private sector who would go on to work on Governor Edward's staff were working for implementation of the waiver prior to the filing of the lawsuit. *Id.*

Analyzing each of Defendant's arguments in turn, the Court finds the following:

1. Governor Edwards' decision to continue seeking a waiver after 2016 tells the Court nothing about his motivations when he penned his letter on December 21, 2015;
2. Defendant provides no evidence of Governor Edwards' campaign platform mentioning the work requirement waiver prior to December 18, 2015;

4

3. there is no evidence that Governor Edwards was having internal discussions about applying for the waiver prior to December 18, 2015. It would require pure speculation by the Court to extrapolate the existence of those discussions solely from the Governor's rapid response to the litigation; and
4. finally, the actions and motivations of private sector individuals have little to no bearing on the motivations of the Governor-Elect, regardless of whether they eventually joined his staff.

The Court finds that this evidence is not "an extremely strong showing" that Plaintiffs' lawsuit did not *contribute* to Governor Edwards' actions. To the extent any of Defendant's proffered evidence proves Governor Edwards had alternative, policy-based reasons in applying for the waiver, that fact alone does not mean Plaintiffs' lawsuit did not contribute to the decision as well. Plaintiffs' lawsuit does not have to be the primary, or even a substantial, factor in the Governor's decision. It merely must have contributed to it.

Conversely, Plaintiffs have provided direct evidence that proves their lawsuit contributed to Governor Edwards' decision to seek the work requirement waiver. On March 30, 2016, the Governor's Executive Counsel attended a Louisiana House of Representatives Health and Welfare Committee meeting to provide testimony on the background and reasoning behind Governor Edwards's decision to seek the waiver. The relevant portion of the testimony states:

> [w]hen Governor Jindal did not request the waiver in 2015 that resulted in a federal lawsuit that was filed against DCFS that was requesting, amongst other things, an injunction that would have ordered the

5

> department to request the waiver, so when we, Governor Edwards came in, was during transition, all of this was put in front of Governor Edwards and he made the decision to, at that point in time, to request the waiver that Governor Jindal had not requested in an effort to do two things: First, obviously we were able to resolve the lawsuit, where that lawsuit is no longer pending.

La. House of Reps. Comm. on Health and Welfare, Hearing on HB594, Testimony of Matthew Block, Exec. Counsel to the Governor (March 30, 2016) available at http://house.louisiana.gov/H_Video/VideoArchivePlayer.aspx?v=house/2016/mar/0330_16_HW (relevant portions beginning at 1:2208) (last visited Sept. 26, 2019).

In contrast to Defendant's mere supposition about Governor Edwards' motivations, Plaintiffs have provided direct evidence via Executive Counsel Block that shows their lawsuit directly contributed to Governor Edwards' decision. Defendant has failed to rebut Plaintiffs' showing. Considering the exceedingly high burden Defendant faces in proving special circumstances, Plaintiffs' strong evidence their lawsuit was a contributing factor in Governor Edwards' decision to request the work requirement waiver, and the Defendant's failure to provide any direct evidence on that issue, the Court finds that Plaintiff is entitled to attorneys' fees under § 1988. *Romain*, 856 F.3d 408 ("[I]n [the] absence of special circumstances a district court not merely 'may' but *must* award fees to the prevailing plaintiff." (citing *Sanchez v. City of Austin*, 774 F.3d at 880) (quoting *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 761, 109 S.Ct. 2732, 105 L.Ed.2d 639 (1989)).

Because the Court has determined no "special circumstances" exist and Plaintiffs are entitled to attorneys' fees, the Court must now determine the amount of reasonable and necessary attorneys' fees. *Id*. Defendant, in its opposition memorandum, has already objected to Plaintiffs' determination of their quantum of fees. Plaintiffs, on the other hand, asked the Court for the opportunity to brief their quantum of fees separately. The Court grants Plaintiffs request.

## CONCLUSION

Accordingly.

**IT IS ORDERED** that Plaintiffs' *Motion for Attorneys' Fees* (Rec. Doc. 16) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that within fourteen (14) days from the issuance of this order, Plaintiffs shall submit briefing regarding the quantum of fees to which they are entitled.

**IT IS FURTHER ORDERED** that Defendant shall file any response or opposition to Plaintiffs' position within seven (7) days of Plaintiffs' submission.

New Orleans, Louisiana this 2nd day of October, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE